UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAUL SABINO,

            -against-

PORT AUTHORITY POLICE DEPARTMENT, ET AL.,

            Defendants.

22-CV-5025 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Saul Sabino, who is currently detained in the Anna M. Kross Center, proceeds *pro se*. This case was opened when he filed a notice of removal of his criminal case from the New York Supreme Court-Criminal Term. *See People v. Sabino*, Case No. 01504-2020.[1] For the reasons set forth below, the action is remanded to the New York Supreme Court-Criminal Term.

## STANDARD OF REVIEW

To remove a criminal action pending in state court to a federal district court:

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1455(a). If it appears on the face of a notice of removal of a criminal case that removal is impermissible, the district court must summarily remand the action to state court. 28 U.S.C. § 1455(4).

---

[1] Plaintiff lists the docket number for his pending civil rights action, *Sabino v. Port Auth. Police Dep't*, No. 21-CV-5731 (JGK) (BCM) (S.D.N.Y.), on the first page of his notice of removal. He also names the Port Authority Police Department in the caption as a Defendant, rather than using the caption of his criminal proceedings. Nevertheless, the application is titled as a "Notice of Removal of State Court Action," and although he also refers to the statutes governing *habeas* petitions, it seems clear that Plaintiff intends it as a notice of removal under 28 U.S.C. § 1455, rather than a filing in his civil rights action.

## BACKGROUND

Saul Sabino was arrested on August 10, 2020. According to public records of the New York Supreme Court-Criminal Term, a Grand Jury returned a true bill on October 26, 2020. Sabino was arraigned on December 23, 2020, and he pleaded not guilty, *People v. Sabino*, Case No. 01504-2020. Sabino's next appearance in criminal court is scheduled for July 18, 2022.

Sabino asserts that there is evidence of "tons of wrongs done to him and Prosecutorial misconducts, Judicial misconducts and ineffective assistance of counsel(s)." (ECF 2 at 2.) He argues that he has been denied the right to a speedy trial, because of "extraordinary and unreasonable delay by prosecutors/court causing bias, prejudices, and misconducts." (*Id.* at 3.)

Sabino contends that this notice of removal should be considered timely because the delay in his state criminal proceedings, which have been pending since August 2020, means that there is an "absence of available state corrective process." Moreover, he argues that Justice Melissa Jackson's rulings have improperly denied him discovery. (*Id.* at 7.)

## DISCUSSION

**A.    Removal of Pending Criminal Proceedings**

A defendant removing a criminal action to federal district court generally must file a notice of removal in the appropriate federal district court "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier." 28 U.S.C. § 1455(b)(1). The criminal defendant must file with the notice of removal "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." *Id.* "The filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded." *Id.*, § 1455(b)(3).

Here, the notice of removal is untimely. Sabino's arraignment was in December 2020, and this notice of removal was given to prison officials for mailing on or about June 4, 2022, approximately 18 months after his arraignment. The notice of removal thus was not filed within 30 days of arraignment. 28 U.S.C. § 1455(b)(1). Because the notice of removal does not comply with the procedural requirements for removal, the action must be remanded to state court. *See* 28 U.S.C. § 1455(b)(4).

Furthermore, the removing defendant has the burden of establishing that a case is within the federal court's removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). Such removal jurisdiction is limited. A criminal prosecution may be removed to federal court where an action has been commenced in state court against a federal officer or member of the armed forces for actions taken under the color of office. 28 U.S.C. §§ 1442(a), 1442a. Criminal prosecutions commenced in state court are also subject to removal if the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443(1); *see also Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (setting forth two-prong test for removal of criminal prosecution where defendant is denied equal civil rights). Because removal to federal court deprives the state court of jurisdiction, "federal courts construe the removal statute[s] narrowly, resolving any doubts against removability." *Somlyo v. J. Lu–Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991); *Sheets*, 313 U.S. at 109.

Even if Sabino had complied with the procedural requirements for removal, his submission is devoid of facts suggesting that removal of his state court criminal proceedings is proper. Sabino does not allege that he is a federal officer or member of the armed forces being prosecuted for actions taken under color of office. He also does not allege that he cannot enforce in the New York state

3

courts a right to equality that is being denied him. Sabino therefore has not demonstrated any statutory basis for removal of his criminal proceedings.

For all of these reasons, the Court concludes that removal is not proper, and the action is remanded to state court. *See* 28 U.S.C. § 1455(b)(4).

**B.    Additional Relief**

Petitioner's notice of removal, with exhibits, exceeds 800 pages. In addition to removing his criminal proceedings, Petitioner also invokes 28 U.S.C. § 2241 and asserts claims for, among other things, double jeopardy and a violation of his right to a speedy trial. Because this criminal matter is being remanded, in order to address Petitioner's additional grounds for relief, the Court directs the Clerk of Court to open a new civil action. The Clerk of Court is further directed to file the initial pleading from this action (ECF 2) as a petition for a writ of *habeas corpus* under Section 2241, and the *in forma pauperis* application (ECF 1), in the new civil action. Petitioner will be granted an opportunity to withdraw the new action if he does not wish to proceed with a *habeas* petition under Section 2241.

## CONCLUSION

Because removal of this criminal action is improper, it is remanded under 28 U.S.C. § 1455(4) to the New York Supreme Court-Criminal Term. The Clerk of Court is directed to send a copy of this order to that court and to close this action.

In order to address Petitioner's additional grounds for relief, the Court directs the Clerk of Court to open a new civil action. The Clerk of Court is further directed to file in the new civil

action (1) a copy of this order; (2) the initial pleading from this action (ECF 2) as a petition for a writ of *habeas corpus* under Section 2241; and (3) the *in forma pauperis* application (ECF 1).

    SO ORDERED.

Dated:  July 22, 2022
          New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                  Chief United States District Judge